# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| KYLE SLOAN, and SUSAN WEST, <br><br>     Plaintiffs, <br><br>     v. <br><br> NICHOLAS BURIST, et al., <br><br>     Defendants. | 2:22-CV-76 |
| THELMA PETNO, <br><br>     Plaintiff, <br><br>     v. <br><br> NICHOLAS BURIST, et al., <br><br>     Defendants. | 2:23-CV-31 |
| RAYMOND E. TIPTON, <br><br>     Plaintiff, <br><br>     v. <br><br> NICHOLAS BURIST, et al., <br><br>     Defendants. | 2:23-CV-33 |
| MAKAYLA JANIA HINES, <br><br>     Plaintiff, <br><br>     v. <br><br> NICHOLAS BURIST, et al., <br><br>     Defendants. | 2:23-CV-89 |

## ORDER

Before the Court are Defendant Mayflower Transit LLC's (hereinafter "Mayflower") motions to bifurcate trial. See Sloan, 2:22-cv-76, Dkt. No. 356; Petno, 2:23-cv-31, Dkt. No. 233; Tipton, 2:23-cv-33, Dkt. No. 227; Hines, 2:23-cv-89, Dkt. No. 179. Mayflower filed a motion to bifurcate in each of the above-styled cases, but, because the motions are substantively identical, the Court addresses all four motions in a single Order. The motions have been thoroughly briefed and are ripe for review. See Sloan, 2:22-cv-76, Dkt. Nos. 356, 359, 366; Petno, 2:23-cv-31, Dkt. Nos. 233, 236, 237, 243;[1] Tipton, 2:23-cv-33, Dkt. Nos. 227, 230, 236; Hines, 2:23-cv-89, Dkt. Nos. 179, 182, 188. For the reasons stated below, the motions to bifurcate trial are **DENIED**.

## BACKGROUND[2]

The facts of this case were outlined in the Court's August 27, 2025 Order denying Mayflower's motions for summary judgment in each of the above-styled cases and need not be restated in full here. Dkt. No. 354. At a high level, all four cases before the Court derive from a multi-vehicle traffic accident on I-95 in Camden County, Georgia. See generally Sloan, Dkt. No. 183; Petno, Dkt. No. 122; Tipton, Dkt. No. 115; Hines, Dkt. No. 72. Stemming

---

[1] In Petno, Plaintiff filed two briefs in response to Mayflower's motion to bifurcate trial. See Dkt. Nos. 233, 236. These two docket entries, however, are substantively identical. Id.

[2] Henceforth and unless otherwise noted, citations to the docket will be to the first-filed case, Sloan v. Burist, 2:22-cv-76.

from this collision, Plaintiffs filed these four suits against various Defendants, including Mayflower, Joe Moholland, Inc. ("Moholland"), Locke Relations LLC ("Locke"), and semi-truck driver Nicholas Burist ("Burist").

Mayflower, a subsidiary of UniGroup C.A., is an interstate carrier that facilitates government or military moves across state lines. Dkt. No. 111-8 at 2; Dkt. No. 290-9, J. Jones Dep., at 7, 24:23- 25:06, 8, 25:21-26:02; see generally Dkt. No. 354 at 3-13 (outlining various sources of record evidence regarding the relationship between Defendants). To carry out these moves, Mayflower enters into agreements with agents, such as Defendant Moholland. Dkt. No. 290-9 at 8, 25:06-08; Dkt. No. 290-2. Then, when Moholland obtains a moving job from Mayflower, it contracts with Locke, a company which helps Moholland obtain drivers and the equipment necessary to carry out the move. Dkt. No. 290-12, R. Garr Dep., at 16, 15:13-18; Dkt. No. 290-7, A. Locke Dep., at 6, 18:02-05. One of the drivers provided by Locke to Moholland was Burist, who was driving the 2014 ProStar International tractor trailer involved in the accident underpinning the instant cases. Dkt. No. 183 ¶ 9; Dkt. No. 290-11, N. Burist Dep., at 14, 49:18- 22, 17, 63:11-13.

The motor vehicle collision in question occurred on July 1, 2022, and resulted in multiple deaths and hospitalizations. Sloan, Dkt. No. 183; Petno, Dkt. No. 122; Tipton, Dkt. No. 115; Hines,

Dkt. No. 72. Following the accident, Plaintiffs filed suits individually in this Court, asserting claims for, *inter alia*, negligence against Burist, Moholland, Mayflower, UniGroup, and Locke; negligent hiring, training, and supervision against Moholland, Mayflower, UniGroup, and Locke; punitive damages against Burist, Mayflower, UniGroup, Moholland, and Locke; and a claim against Mayflower for vicarious liability as a statutory employer under the Federal Motor Carrier Safety Regulations. See generally Sloan, Dkt. No. 183; Petno, Dkt. No. 122; Tipton, Dkt. No. 115; Hines, Dkt. No. 72.

On February 11, 2025, Mayflower filed a motion for summary judgment in each of the related suits. Sloan, Dkt. No. 290; Petno, Dkt. No. 184, Tipton, Dkt. No. 178; Hines, Dkt. No. 129. Addressing all four motions in a single Order, the Court indicated that whether Mayflower was entitled to summary judgment in its favor "turn[ed] on whether an agency relationship existed between Mayflower and Moholland on July 1, 2022." Dkt. No. 354 at 16. After reviewing the parties' briefing, holding oral argument, and studying relevant record evidence, Sloan, dkt. nos. 290, 309, 315, 345–48; Petno, dkt. nos. 184, 194, 195, 202; Tipton, dkt. nos. 178, 188, 196; Hines, dkt. nos. 129, 139, 147, the Court concluded that "Plaintiffs identified sufficient evidence in the record to show that there is a genuine dispute of material fact about whether Moholland was acting as an agent of Mayflower at the time of the

collision on July 1, 2022," dkt. no. 354 at 22. Accordingly, the Court denied each of Mayflower's motions for summary judgment and ordered the parties to file a proposed consolidated pretrial order in anticipation of trial. Id.

On October 15, 2025, Mayflower filed a motion to bifurcate trial in each of the four cases, asking this Court to bifurcate the "liability phase" of trial to avoid potential prejudice from damages evidence. Sloan, Dkt. No. 356; Petno, Dkt. No. 233; Tipton, Dkt. No 227; Hines, Dkt. No. 179. Plaintiffs responded and Mayflower replied. See Sloan, Dkt. Nos. 356, 359, 366; Petno, Dkt. Nos. 233, 236, 237, 243; Tipton, Dkt. No 227, 230, 236; Hines, Dkt. Nos. 179, 182, 188.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), a district court may—for convenience, to avoid prejudice, or to expedite and economize—order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. Fed. R. Civ. P. 42(b); Hernandez v. Thomas, No. 2:22-CV-66, 2025 WL 3534516, at *12 (S.D. Ga. Aug. 27, 2025). District courts have broad discretion over whether to grant a motion to bifurcate trial.[3] Hernandez, 2025 WL 3534516, at *12 (citing Kimberly-Clark

---

[3] Contending that "Plaintiffs' forum choice does not alter the substantive need for bifurcation," Mayflower points to Georgia law on bifurcation and argues that on these facts bifurcation would be available to Mayflower "by right" if this case were tried in a Georgia state court. Dkt. No. 356 at 3-4. The Court notes that

Corp. v. James River Corp. of Va., 131 F.R.D. 607, 608-09 (N.D. Ga. 1989); Beauchamp v. Russell, 547 F. Supp. 1191, 1199 (N.D. Ga. 1982) ("The decision to grant or deny a motion for separate trials on the issue of liability and damages is committed to the sound discretion of the court." (alteration adopted))). Courts, however, proceed with caution when dealing with such motions. Id. "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." Adv. Comm. Note to Fed. R. Civ. P. 42(b) (1966) (citing Jack B. Weinstein, Routine Bifurcation of Negligence Trials, 14 Vand. L. Rev. 831 (1961)).

Courts in the Eleventh Circuit consider eleven factors when deciding a motion to bifurcate trial. Hernandez, 2025 WL 3534516, at *12 (citing Kimberly-Clark Corp., 131 F.R.D. at 608-09). These factors include:

> (1) convenience; (2) prejudice; (3) expedition; and (4) economy; . . . (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate

---

Federal Rule of Civil Procedure 42 is directly on point and governs over Georgia state law on bifurcation. Garcia v. Chiquita Brands Int'l, Inc., 48 F.4th 1202, 1210 (11th Cir. 2022) (citing Hanna v. Plumer, 380 U.S. 460, 469-70 (1965)). Rule 42 does not mandate that the Court grant requests for bifurcated trial but rather gives the Court discretion over such requests, and the fact that a different rule may apply in Georgia state courts does not nullify the discretion afforded to this Court under applicable *federal* procedural rules. Fed. R. Civ. P. 42(b).

trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

Id. "While these factors may aid the court in its ultimate decision, the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefit and prejudice." Id. at 609. The party seeking bifurcation carries the burden to show it is warranted.[4] Bitpay, Inc., 315 F.R.D. at 700.

## DISCUSSION

In the instant motion, Mayflower asks the Court to bifurcate the liability phase of the trial for three primary reasons. Dkt. No. 356. First, Mayflower contends that bifurcation of this phase—the phase which would focus, at least in part, on the issue of agency—is necessary to avoid "substantial prejudice" that damages

---

[4] Mayflower takes issue with Plaintiffs' assertion that Mayflower did not meet its burden to show bifurcation is warranted. Dkt. No. 366 at 3; see also Dkt. No. 359 at 4 ("Defendant Mayflower has not carried its burden of proof that bifurcation should be granted separating 'agency liability' of Mayflower, from all other liability and damages."). In reply, Mayflower claims that "the text of the rule imposes no burden and instead allows bifurcation under these circumstances." Dkt. No. 366 at 3. This reply, however, mischaracterizes the allocation of burdens at play in the motion to bifurcate trial inquiry. While it is true that the plain text of Federal Rule of Civil Procedure 42 does not speak to burdens, both this Court and other district courts in this circuit have nonetheless stated that the party requesting bifurcation has the burden to establish bifurcation is warranted. See, e.g., Hernandez, 2025 WL 3534516, at *12 ("The party seeking bifurcation carries the burden to show it is warranted." (citing Bitpay, Inc. v. Mass. Bay Ins. Co., 315 F.R.D. 698, 700 (N.D. Ga. 2016))); In re Evergreen Sec., Ltd., 381 B.R. 407, 415 (Bankr. M.D. Fla. 2007) (same); Rocket Real Est., LLC v. Maestres, No. 15-62488-CIV, 2016 WL 11504102, at *1 (S.D. Fla. Dec. 23, 2016) (same).

evidence would have on Mayflower. Id. at 4-12. Next, Mayflower contends that "[a]ctual agency is the sole issue for the jury to consider on Mayflower's liability," further stating that bifurcation is proper because the agency issue involves evidence independent from the damages inquiry. Id. at 12-17. Finally, Mayflower claims that bifurcation, while helping Mayflower avoid prejudice and promoting more efficient trial proceedings, would not prejudice the overall trial or other parties. Id. at 17-20.

In response, Plaintiffs contend that Mayflower has not met its burden as the party seeking bifurcation. Dkt. No. 359. More specifically, Plaintiffs posit that the agency and liability issues are inextricably linked to the underlying facts of the July 1, 2022 crash such that bifurcation to determine the agency issue would trigger duplicate witness testimony, waste judicial resources, risk inconsistent verdicts, and leave the jury to guess about the details of the crash rather than supplying them with sufficient information. Id. at 2-6. Plaintiffs also state that Mayflower has not demonstrated sufficient actual prejudice to justify bifurcation. Id. at 6.

The Court holds that Mayflower has not set forth sufficient reason for bifurcation. The damages stemming from the accident and challenged in the four cases approaching trial—including the multiple deaths and hospitalizations—are undoubtedly severe and grounds for significant physical and mental trauma for those

affected. Sloan, Dkt. No. 183 ¶¶ 6-7; Petno, Dkt. No. 122 ¶ 4; Tipton, Dkt. No. 115 ¶ 4; Hines, Dkt. No. 72 at 1. And Mayflower does not appear to dispute the severity of these injuries in the instant motion but rather states that "[t]he only dispute regarding liability is responsibility (which, if any, of the Defendants is liable) and the extent of liability (proportionate or otherwise) among Defendants." Dkt. No. 356 at 2. But the existence of such injuries does not weigh heavily in favor of granting Mayflower's motions in the present cases.

As this Court has previously noted, it is true that some courts hold that severity of injuries warrants bifurcation in order to avoid potential prejudice. Hernandez, 2025 WL 3534516, at *13 (citing Beauchamp, 547 F. Supp. at 1199-200 ("In order to avoid potential prejudice, it would be preferable to permit the jury to concentrate on the complicated issue of liability without considering evidence on the extent of [the plaintiff's] injuries and the damages the plaintiff seeks for these injuries."); Gafen v. Tim-Bar Corp., No. 01-7626-CIV, 2002 WL 34731041, at *1 (S.D. Fla. Oct. 18, 2002) (granting motion to bifurcate because "it is preferable that the jury consider the question of liability without the potential prejudice caused by evidence concerning the severe injuries")). This, however, is not the perspective expressed by the Northern District of Georgia in Brown v. Advanced Engineering, Inc. as later adopted by this Court in Hernandez. Instead, Brown

9

rejected the assertion that a "plaintiff's extensive injuries hold a definite potential to adversely and improperly affect a jury's fair, impartial and objective consideration of the liability issues." 732 F. Supp. 1163, 1171 (N.D. Ga. 1990) (alterations adopted) (internal quotation marks omitted); Hernandez, 2025 WL 3534516, at *13 (expressing approval of Brown and its progeny when faced with concerns about prejudice from a sympathetic plaintiff).

The proposition that Plaintiffs' extensive injuries would cause improper prejudice to Mayflower is "contrary to the Court's confidence in a jury following cautionary instructions." Hernandez, 2025 WL 3534516, at *13. And, even further, accepting such a proposition "would support bifurcation in any negligence action brought by a sympathetic plaintiff." Id. Thus, the sound reasoning in Brown and its progeny, read in light of this Court's adoption of that reasoning in Hernandez, counsels against bifurcation based on the risk of prejudice from evidence of severe injuries. Id. (citing Rinehart v. GFI Mgmt. Servs., Inc., No. 1:13-CV-03304-ELR, 2016 WL 9455424, at *2 (N.D. Ga. Oct. 4, 2016) (denying motion to bifurcate where the plaintiff was shot in the heart and fell off a three-story balcony); Campbell v. Pirelli Tire, LLC, No. 12-21153-CIV, 2013 WL 12092519, at *2 (S.D. Fla. Feb. 12, 2013) (denying motion to bifurcate where the plaintiffs suffered severe injuries in a motorcycle accident); Collins v. Marriot Int'l Inc., No. 09-22423-CIV, 2012 WL 12948751, at *1 (S.D.

10

Fla. Feb. 28, 2012), order clarified, 2012 WL 12948854 (July 2, 2012) (denying motion to bifurcate where the decedent fell to his death from a rocky cliff)).

If Mayflower remains concerned that, based on the damages evidence, the jury will be more concerned with compensating Plaintiffs' losses than accurately deciding the issue of liability, dkt. no. 356 at 5-6, "the Court can issue an appropriate instruction addressing [this] concern." Campbell, 2013 WL 12092519, at *2; see also Hernandez, 2025 WL 3534516, at *13 (same). The same can be said for Mayflower's concern that allowing the jury to hear Plaintiffs' narrative "will inject Mayflower into guilt by association." Dkt. No. 356 at 19; see also United States v. Sepetu, 176 F.4th 104, 118 (1st Cir. 2026) (addressing concern that party's references to "the defendants" collectively during trial invited guilt by association and concluding that "[f]ears of a jury's finding of guilt based on association are generally . . . countered by cautionary instructions" (quoting United States v. Lebron-Gonzalez, 816 F.2d 823, 831 (1st Cir. 1987))). As stated by this Court in Hernandez, "[t]his course of action—as compared to the assumption that the jurors will be prejudiced by Plaintiff's severe injuries—ensures that the Court follows the Eleventh Circuit's instruction to 'presume that juries follow the instructions given to them.'" 2025 WL 3534516, at *13 (citing Campbell, 2013 WL 12092519, at *2; United States v. Lopez, 649

11

F.3d 1222, 1237 (11th Cir. 2011)).

Mayflower's motions also state that bifurcation is warranted because agency is the sole, dispositive issue for the jury to consider on Mayflower's liability—an issue which, according to Mayflower, is separate and distinct from the damages inquiry. Dkt. No. 356 at 12–17. In support, Mayflower argues that agency "focuses on conduct between the Defendants and not acts related to the Plaintiff or the public at large," thus making the issue distinct and severable from the determination of Plaintiffs' damages. Id. at 13 (citing Gilbert v. State Farm Mut. Auto. Ins. Co., 311 F.R.D. 685, 687 (M.D. Fla. 2015); Cross v. Wyeth Pharm., Inc., No. 8:06-CV-429-T-23AEP, 2011 WL 2517211, at *4 (M.D. Fla. June 23, 2011)). Mayflower then points to various pieces of record evidence that it believes to be relevant to the agency inquiry, contending that bifurcation is necessary to allow it to "present its argument [on liability] to the jury without undue prejudice from the other facts related to this incident." Dkt. No. 356 at 13–17.

Mayflower's contention that the agency issue is dispositive as to its liability does not lend strong support for bifurcation. Dkt. No. 356 at 12–17; Dkt. No. 354 at 16 (this Court's Order on Mayflower's motions for summary judgment indicating that the motions turned on the agency issue). This is because Mayflower "merely describes the nature of a trial; 'a civil case by its very nature almost always involves the dual issues of liability and

12

damages.'" Jolly v. Hoegh Autoliners Ship. AS, No. 3:20-CV-1150-MMH-MCR, 2024 WL 1283690, at *2 (M.D. Fla. Mar. 26, 2024) (quoting Dzafic v. Geovera Specialty Ins. Co., No. 8:08-0026-T-24EAJ, 2008 WL 3874602, at *1 (M.D. Fla. Aug. 15, 2008)). In other words, "no decider of fact (judge or jury) ever reaches the issue of damages without first assessing liability," McKenzie v. U.S. Tennis Ass'n Inc., No. 6:22-CV-615-PGB-LHP, 2022 WL 19336464, at *4 (M.D. Fla. Aug. 18, 2022), and "[i]t is always true that the issue of damages may be moot" with respect to a particular defendant if the jury determines that party is not liable, Lankhorst v. Indep. Sav. Plan Co., No. 11-CV-390, 2013 WL 5671303, at *2 (M.D. Fla. Oct. 17, 2013). See also Hernandez, 2025 WL 3534516, at *13 (citing Compton, 374 F. Supp. 3d at 1306 ("[A] jury determination of no liability would eliminate the need for a trial on damages is true in any negligence case [and] does not advance the cause of bifurcation.")).

Further, the Court acknowledges "the distinct characteristics of the evidence relevant to liability and to damages," but this, too, fails to advance the cause for bifurcation. Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F. Supp. 2d 1333, 1337 (M.D. Fla. 2006). Mayflower has not "established that the issues in this case as to liability and damages are sufficiently complex and so distinct that 'one trial on all issues could well perplex the jury.'" Id. (quoting Laitram Corp. v. Hewlett-Packard Co., 791 F.Supp. 113,

116 (E.D. La. 1992)). Proving liability, as noted by the Court in its Order on Mayflower's motions for summary judgment, involves the relationship between Defendants leading up to and *at the time of the accident*. See Dkt. No. 354 at 18-20 (analyzing record evidence concerning the truck driven by Burist and its various characteristics "at the time of the accident"). Put plainly, the accident remains the common centerpiece of both the liability and damages inquiries, and holding a separate trial to present evidence regarding events leading up to an accident without allowing the jury to hear about the accident itself risks confusion about this common factual predicate without furthering convenience, avoiding prejudice, or expediting or economizing the trial proceedings. Id.; Fed. R. Civ. P. 42(b); see also Jolly, 2024 WL 1283690, at *3 (concluding that duplicative testimony would result from conducting separate trials on liability and damages).

Mayflower finally contends that efficiency favors bifurcation, claiming that Mayflower would be able to avoid potential prejudice with bifurcation, while "[t]he other parties lose nothing from bifurcation." Dkt. No. 356 at 17. As explained supra, the alleged "risk of prejudice" is unsupported by caselaw on this issue, and so too is Mayflower's efficiency-based concern. And as this Court previously determined in Hernandez, Brown and its progeny "debunk the hypothesis that bifurcated trials are more efficient." 2025 WL 3534516, at *13 (citing Compton v. Bach, 374

14

F. Supp. 3d 1296, 1306 (N.D. Ga. 2019); Ga. Power Co. v. Westinghouse Elec. Co. LLC, No. 1:12-cv-167, 2015 WL 2260813, at *2 (S.D. Ga. May 13, 2015) (following Brown to hold that "the Court prefers one trial rather than two")).

### CONCLUSION

Mayflower's motions to bifurcate trial, Sloan, 2:22-cv-76, dkt. no. 356; Petno, 2:23-cv-31, dkt. no. 233; Tipton, 2:23-cv-33, dkt. no. 227; and Hines, 2:23-cv-89, dkt. no. 179, are **DENIED**.

**SO ORDERED** this 23rd day of June, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15